UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-21778-CIV- UNGARO

OSCAR L. DIAZ,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent

_____/

**ORDER DENYING MOVANT'S MOTION FOR RELIEF FROM JUDGMENT**

    This CAUSE is before the Court upon Movant's *pro se* Motion for Relief from Judgment pursuant to rule 60(b) of the Federal Rules of Civil Procedure.  (D.E. 74.)  The Government filed a response to Movant's motion on March 4, 2008.  (D.E. 76.).  Movant filed a reply to the Government's response on March 31, 2008.  (D.E. 80.)  The Court has considered Movant's motion and is otherwise fully informed in the premises.

    On July 1, 2003 Movant filed a motion to vacate conviction and sentence pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine.  (D.E. 1.)  On April 16, 2004, Magistrate Judge Patrick A. White reviewed the motion and issued a Report recommending that Movant's motion to vacate sentence be denied.  On May 28, 2004, this Court ratified, affirmed and adopted the Magistrate Judge's Report.  See (D.E. 20.)  A review of Movant's instant motion reveals that Movant reasserts in greater detail, one of the nine claims raised in his initial §2255 petition; specifically, that the government's notice of enhancement as required by 21 U.S.C. §851

1

was insufficient. (Id.) Accordingly, because Movant's rule 60(b) motion is in substance, a second or successive habeas petition to aside the court's order denying his motion to vacate conviction and sentence, Movant is not entitled to any relief at this proceeding stage. Without a certificate of appealability issued by a Circuit Court Judge, the undersigned is unauthorized to consider Movant's second or successive habeas petition. *See* 28 U.S.C. §2253(c)(1) (providing that "unless a circuit justice or judge issues a certificate of appealability an appeal may not be taken to the Court of Appeals from -(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State Court; (B) the final order in a proceeding under section 2255"); *See also United States v. Nyhuis,* 211 F.3d 1340 (11th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Accordingly it is hereby

ORDERED AND ADJUDGED that Movant's motion is DENIED.

DONE AND ORDERED in chambers, at Miami Florida on this _7th__ day of May 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Oscar L. Diaz, *pro se*